| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Jack Russo (SBN 96068) Christopher Sargent (SBN 246285); Lucy Goodnough (SBN 310607) Computerlaw Group LLP 401 Florence Street, Palo Alto, CA 94301 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (650) 327-9800   FAX NO. *(Optional)*: (650) 618-1863 | |
| E-MAIL ADDRESS *(Optional)*: jrusso@computerlaw.com | |
| ATTORNEY FOR *(Name)*: Shuting Kang | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 450 Golden Gate Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Phillip Burton Federal Building and U.S. Courthouse

PLAINTIFF: Shuting Kang

DEFENDANT: Sophie Harrison, et al.

| EX PARTE | CASE NUMBER: |
|---|---|
| ☑ **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT)** | 3:18-cv-05399-JD |
| ☑ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT (RESIDENT)** | |

1. The application and supporting declaration or affidavit of plaintiff *(name)*:
   for an ex parte ☑ right to attach order and order for issuance of writ of attachment ☑ order for issuance of an additional writ of attachment has been considered by the court.

**FINDINGS**

2. THE COURT FINDS
   a. Defendant *(specify name)*: Shengrun Intl Industry Group Inc.   is a ☐ natural person
      ☐ partnership  ☐ unincorporated association  ☒ corporation  ☐ other *(specify)*:
   b. The claim upon which the application is based is one upon which an attachment may be issued under
      ☑ Code of Civil Procedure section 483.010  ☐ Welfare and Institutions Code section 15657.01.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than recovery on the claim upon which the application is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. The affidavit or declaration accompanying the application shows that the property sought to be attached, or the portions thereof to be specified in the writ, are not exempt from attachment.
   g. The portion of the property sought to be attached described in item 3b, is not exempt from attachment.
   h. An undertaking in the amount of: $ 15,000.00   is required before a writ shall issue, and plaintiff
      ☑ has  ☐ has not  filed an undertaking in that amount.
   i. Great or irreparable injury will result to the plaintiff if issuance of the order is delayed until the matter can be heard on notice, based on the following:
      (1) ☑ There is a danger that the property sought to be attached would be
         (a) ☐ concealed.   (b) ☑ substantially impaired in value.
         (c) ☑ made unavailable to levy by other than concealment or impairment in value.
      (2) ☐ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2), as set forth in the affidavit or declaration filed in support of this application, and that specifies the defendant's known undisputed debts and the basis for plaintiff's determination that the defendant's debts are undisputed.
      (3) ☐ A bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☐ Other circumstances *(specify)*:

   j. ☑ A Right to Attach Order was issued on *(date)*:   pursuant to
      ☐ Code of Civil Procedure section 484.090 (on notice)  ☑ Code of Civil Procedure section 485.220 (ex parte)
   k. ☑ other *(specify)*: A prior Right to Attach Order was issued on 7/24/19, on notice. Dkt. #53.

Form Approved for Optional Use
Judicial Council of California
AT-125 [Rev. July 1, 2010]

**EX PARTE RIGHT TO ATTACH ORDER AND ORDER FOR
ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT) (Attachment)**

Code of Civil Procedure,
§§ 482.030, 485.010 et seq.;
Welfare & Institutions Code, § 15657.01
www.courtinfo.ca.gov

| SHORT TITLE: Kang v. Harrison, et al. | CASE NUMBER: 3:18-cv-05399-JD |
|---|---|

**ORDER**

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name)*:
      in the amount of: $ 1,400,762.50

   b. The clerk shall issue ☐ a writ of attachment ☒ an additional writ of attachment in the amount state in item 3a
      ☐ forthwith ☐ upon the filing of an undertaking in the amount of: $
     (1) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of the sale of such property, described as follows *(specify)*:

     (2) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:
     (3) ☒ for any property of a defendant who is **not** a natural person for which a method of levy is provided.
     (4) ☒ for property of a defendant who is a natural person subject to attachment under Code of Civil Procedure section 487.010 *(specify)*:

       See Attachment 3(b)(4).

   c. ☐ Defendant shall transfer to the levying officer possession of
     (1) ☐ any documentary evidence in defendant's possession of title to any property described in item 3b.
     (2) ☐ any documentary evidence in defendant's possession of debt owed to defendant described in item 3b.
     (3) ☐ the following property in defendant's possession *(specify)*:

> **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   d. ☒ Other (specify) : For good cause shown, the Court grants the application for a temporary protective order. To protect the status quo and prevent the relief in this Court's orders from being made illusory by Defendants' conduct, Defendants, and each of them including Sengrun International Industry Group, Inc. are hereby prohibited from transferring, encumbering, concealing, or impairing the value of any of these properties identified in item 4, and from transferring, encumbering, concealing, or impairing the value of any interests in the properties identified in item 4, until the writs of attachment have issued and Plaintiff has given notice she has recorded the writs as to each of the subject properties identified in item 4.

   e. Total number of boxes checked in item 3: 5

Date: August 1, 2019

_____
(JUDICIAL OFFICER)

er *(specify)*: ForF good cause shown, the Court grants the application for a temporary protective order. To protect the status quo

| SHORT TITLE: Shuting Kang v. Sophie Harrison, et al. | CASE NUMBER: 3:18-cv-05399-JD |
|---|---|

Attachment 3(b)(4)

3(b)(4). *Description of property and its location (cont'd):*

(a)     35 Bel Aire Court, Hillsborough, CA 94010: APN/Parcel ID 038-333-070, with the legal description: Lot 23, as shown on that certain map entitled "Tobin Clark Estate Unit No. Four," filed in the Office of the Recorder of the County of San Mateo State of California on June 25, 1976 in Book 91 of Maps at Page(s) 21, 22, and 23;

(b)     1475 Huntington Ave. #301, South San Francisco, CA 94080, with the legal description: A condominium comprised of:

Parcel One:

Units 0–18 through 0–26 on the 3rd floor level in Building "A", as shown on Parcel Map 84-215, filed in the Office of the Recorder of San Mateo County, California on August 17, 1984 in Book 54 of Parcel Maps at Page 86 through 95, as amended by the Condominium Plan recorded November 29, 1989 as Instrument No. 89160890, Official Records , and as further amended by the Certificate of Correction recorded August 16, 1999 as Instrument No. 1999-139522, Official Records, And as corrected by document entitle, Revised Certificate of Correction recorded February 1, 2000 in Instrument No. 2000-012878 of Official Records, San Mateo County Records and as further amended by the Amended Parking Plan attached as Exhibit "A" to the Second Amendment to Covenants, Conditions & Restrictions for Tanforan Office Center recorded April 18, 2006 as Instrument No. 2006-056775, Official Records, and the Amended Parking Plan being and the corrected Second Amendment recorded September 24 , 2007 as Instrument No. 2007-140462 of Official Records (the Parcel Map, the Condominium Plan, the Certificate of Correction and the Amended Parking Plan being collectively referred to hereinafter as the "Map").

Parcel Two:

The following appurtenant easements for the benefit of Parcel 1, above:

   a)  A non-exclusive easement for ingress and egress to and from Parcel 1 and support of Parcel 1 through the Common Area and for maintenance and repair of Parcel 1 through all other Units and through the Common Area, as such other Units and Common Area are shown on the Map.

   b) An exclusive easement to use the Parking Spaces designated 27, 28, and 142 on the Second Amendment to Covenants, Conditions & Restrictions for Tanforan Office Center referred to in Parcel 1 above.

Parcel Three: An undivided 9/375 interest as a tenant in common in and to the Common Area as shown on the Map.

Parcel Three:

An undivided 9/375 interest as a tenant in common in and to the Common Area as shown on the Map.

Parcel Four:

The following easements appurtenant to and for the benefit of the Common Area:

a) Non-exclusive easements through each Unit as shown on the Map for support, maintenance and repair of the Common Area.

b) Non-exclusive easements for encroachments upon the air space of all Units shown on the Map by and for those portions of the Common Area lying within such Units.


JPN: 212-089-000-18 thru 26 .A and 212-086-000-01A (Common Area)

(c) 24031 Lama Rd, Mi Wuk Village, CA 95346: APN 046-232-011-000, Alternate APN 46-232-11-00, with the legal description: Tax ID Number(s) 046-232-11-00, 046-232-1100. Land Situated in the County of Tuolumne in the State of CA , Lot 341 of Mi Wuk Village No. 3 as shown and delineated on the Official Map thereof, filed in the Office of the County Recorder, Tuolumne County, California on September 20, 1954 in Book 13 of Plats at Page 1. Excepting therefrom an undivided 92% interest and title in and to all oil, gas and minerals located, being or lying at a distance of 100 feet or more from the surface of said land, provided, however, that grantor must exercise its rights hereunder without entry upon the surface of said land unless the consent of the grantee has first been obtained as contained in the Deed from Mi Wuk Village, Inc, A corporation to Allen F. Price and Ellen June Price, His Wife, dated May 25, 1959 and recorded June 2, 1967 in Volume 102 of Official Records, at Page 471. Commonly known as: 24031 Lama Rd, Mi Wuk Village, CA 95346.