UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUTING KANG,<br><br>   Plaintiff,<br><br> v.<br><br>SOPHIE HARRISON, et al.,<br><br>   Defendants. | Case No. 3:18-cv-05399-JD<br><br>**PRELIMINARY INJUNCTION**<br>Re: Dkt. No. 60 |

This order arises out of plaintiff Kang's efforts to enforce a settlement agreement with defendants. Dkt. No. 1. The settlement was reached in proceedings before a magistrate judge. An appeal to the Ninth Circuit in that case is pending for issues that are not germane to this order. *See Kang v. Harrison*, No. 17-cv-03034-DMR (N.D. Cal.). This case alleges breach of contract based on defendants' failure to comply with the terms of the settlement. The Court finds that Kang has at a minimum raised a serious question about defendants' breach of the settlement agreement, and that a short-term injunction of 30 days is warranted to maintain the status quo so that Kang can secure property attachments in aid of her complaint.

The facts leading to this order are straightforward. In May 2019, Kang filed an application for a writ of attachment for certain real estate holdings to secure recovery of her claim. Dkt. No. 34. The Court took argument on June 6, 2019, and granted the request. Dkt. Nos. 44, 53. On July 30, 2019, Kang filed an ex parte application for a "temporary protective order" and other relief. Dkt. No. 60. Kang proffered a detailed statement indicating that defendants and their lawyers had purposefully encumbered assets in an effort to nullify the attachment relief, both after they learned of plaintiff's initial attachment application and again after the June 6, 2019 hearing before the Court. *Id.* at 1-3; Dkt. No. 60-1 ¶¶ 6-9. Kang established that in the absence of immediate relief

1  to maintain the status quo, irreparable harm will result in the form of Defendants further
2  encumbering the assets. Dkt. No. 60 at 15.

3  The governing standards are well-established. Preliminary injunctions are "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Id.* at 20; *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (same). In our circuit, a plaintiff may also obtain a preliminary injunction under a "sliding scale" approach by raising "serious questions" going to the merits of plaintiff's claims and showing that the balance of hardships tips "sharply" in his or her favor. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018); *Vanguard Outdoor, LLC v. City of L.A.*, 648 F.3d 737, 739-40 (9th Cir. 2011).

Under either inquiry, Kang is entitled to preliminary relief. The facts adduced by Kang indicate that defendants and their counsel have sought to evade the writs the Court authorized in the prior proceedings. While the Court does not make a final determination here, the weight of these questions is more than enough to establish a likelihood of success on the claim that defendants have engaged in evasive conduct intended to frustrate the Court's orders and Kang's rights to attachment. At a minimum, the facts also establish a serious question about defendants' failure to adhere to the terms of the settlement they signed. Kang has also demonstrated irreparable harm from defendants' wasting of the value of the assets to which she has some claim. Failure to provide preliminary relief makes it likely that Kang would receive no relief at all. For similar reasons, the balance of equities tips sharply in Kang's favor, and a preliminary injunction serves the public interest of enforcing settlement agreements and the integrity of judicial orders and proceedings.

Consequently, the Court enters the following preliminary injunction:

Defendants, their attorneys, subsidiaries, successors, assigns, officers, agents, servants and employees, and persons in active concert or participation with defendants who have actual notice

2

of this order (collectively, the "Enjoined Parties"), are enjoined for 30 days from the date of the August 1, 2019 hearing, until August 31, 2019, from encumbering in any way the properties subject to this Court's attachment orders, Dkt. Nos. 63, 64, 65, 66, 67. The covered properties are: 35 Bel Aire Court, Hillsborough, CA 94010; 1475 Huntington Avenue #301, South San Francisco, CA 94080; and 24031 Lama Road, Mi Wuk Village, CA 95346. Defendants may ask the Court to allow a specific encumbrance by applying in advance for permission and for good cause shown. Kang may ask to extend the term of the injunction for good cause to allow for the completion of the attachment process.

Federal Rule of Civil Procedure 65(c) generally requires a movant to deposit a security before a preliminary injunction issues. The Court has "discretion as to the amount of security required, if any." *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999). The likelihood of plaintiff's success on the merits "tips in favor of a minimal bond or no bond at all." *Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985). Additionally, given that the injunction provides a means for defendants to impose encumbrances as necessary, the Court "may dispense with the filing of a bond [since] it concludes there is no realistic likelihood of harm to defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

**IT IS SO ORDERED.**

Dated: August 13, 2019

JAMES DONATO
United States District Judge